RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Petitioner, *v.* TAX COURT OF P. R., Respondent; RODOLFO CRISCUOLO, Intervener.

No. 92.   Argued June 27, 1946.—Decided April 22, 1947.

*Luis Negrón Fernández, Acting Attorney General,* and *Carlos Santana Becerra, Assistant Attorney General,* for petitioner. *Miranda & Miranda Esteve* for intervener, complainant in the main proceeding.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

The question for decision in this proceeding is one of statutory construction. The legal provisions involved are

subdivisions 11 and 12 of § 16 of Act No. 85, of August 20, 1925, as amended by Act No. 25, approved December 4, 1942 (Second and Third Special Sessions, p. 126), which read thus:

"11. *Phonographs, radio instruments and accessories.*—On all phonographs, or instruments used in radiotelephony or radiotelegraphy, mechanical apparatus for the reproduction of sound, or any other instrument for recording or reproducing the human voice, or any other instrument, including records of said reproductions, and on all parts and accessories thereof, sold, transferred, manufactured or used in, or introduced into Puerto Rico, a tax of fifteen (15) per cent on the selling price in Puerto Rico."

"12. On every phonograph or mechanical apparatus for the reproduction of sound provided with an amplifier, generally known as *velloneras, sinfonolas, grafonolas* (or by whatever name known), and operating by the introduction of coins into slots, manufactured, sold, transferred, or used in, or introduced into, Puerto Rico, a tax of twenty (20) per cent on the selling price in Puerto Rico."

The intervener imported certain parts and accessories of juke boxes (*velloneras*) and the Treasurer levied a tax of 15 per cent on the selling price in Puerto Rico, pursuant to subdivision 11 copied above. The intervener paid it under protest and timely appealed to the Tax Court, which granted the relief sought and ordered the Treasurer to return the tax with interest thereon. Said court decided that the parts and accessories are not subject to taxation because, although subdivision 12, which refers to juke boxes, levies a 20 per cent tax on the latter, it does not levy any tax on parts or accessories thereof.

It is worthy of note that the juke box is impliedly included within the generic term "phonograph" and also within the phrase "mechanical apparatus for the reproduction of sound." Likewise the parts and accessories of juke boxes are included within the parts and accessories of phonographs and mechanical apparatus for the reproduction of sound. On this assumption, we must readily conclude that if subdivision 12 did not exist, juke boxes as well as parts and acces-

sories thereof would be included in subdivision 11 and subject to the 15 per cent tax fixed by said subdivision. But the Legislature, as pointed out by the Treasurer's counsel, considering perhaps that the juke box was intended for commercial use, wished to levy a higher tax than that levied on other phonographs, and carrying out its intention, it expressly provided by subdivision 12 a tax of 20 per cent on the selling price of the juke box in Puertó Rico. The same result would have been obtained if the Legislature, instead of expressing its intention in subdivision 12, would have added at the end of subdivision 11 the following:

"Provided, that on every phonograph, generally. known as juke box, manufactured, sold, transferred or used in or introduced into Puerto Rico, a tax of 20 per cent shall be levied on the selling price in Puerto Rico."

In other words, subdivision 12 serves no other purpose than to exclude the juke boxes from subdivision 11, which, if not expressly excluded, would have been included in said subdivision and subject to the 15 per cent tax. But the Legislature did not choose to levy on parts and accessories of juke boxes a tax different from that levied on parts and accessories of phonographs in general, and since the tax on parts and accessories of juke boxes was impliedly included in subdivision 11, it would have been an idle repetition to refer to said parts and accessories in subdivision 12, unless the legislative intent would have been to levy a different tax on parts and accessories of juke boxes.

The decision of the Tax Court, in our opinion, is unsound. It must be set aside and the case remanded to said court for the entry of a new decision dismissing the complaint, with the imposition of costs on the complainant.